# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**JAMES V. JARAMILLO,**

    Plaintiff,

vs.                                                                    Civ. No. 00-1721 MV/DJS

**JO ANNE B. BARNHART,**[1]
**Commissioner of Social Security,**

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision filed June 14, 2001. (Docket No. 11). The Commissioner of Social Security issued a final decision denying benefits finding that Plaintiff was not disabled. Having considered the Motion, the memoranda submitted by the parties, the administrative record and the applicable law, the Court finds that the motion is well taken.

## PROPOSED FINDINGS

---

[1] Jo Anne B. Barnhart was sworn in as Commissioner of Social Security on November 9, 2001. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Jo Anne B. Barnhart should be substituted for Acting Commissioner Larry G. Massanari as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act. 42 U.S.C. §405(g).

# I. PROCEDURAL RECORD

1. Plaintiff James V. Jaramillo filed an application for benefits on May 22, 1990. Tr. 256. The application was denied on July 10, 1990. Tr. 261. Plaintiff filed a second application on October 20, 1990, which was denied on November 30, 1990. Tr. 279, 284. Plaintiff filed a third disability insurance application on February 13, 1997. The Commissioner's Administrative Law Judge (ALJ) conducted a hearing on February 19, 1998. At the hearing, the Plaintiff was represented by a non-attorney. On October 15, 1998, the ALJ made the following conclusions according to the sequential analysis set forth in 20 C.F.R. Sec. 404.1520(a)-(f) and Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993): The claimant has not engaged in post-onset substantial gainful activity; the claimant has had a "severe" impairment or combination of impairments consisting of cervical spine problems and chronic pain syndrome; the severity of the claimant's's impairments do not meet or equal a listed impairment; the claimant has symptom-producing medical problems but his testimony and other evidence does not credibly establish symptoms or functional limitations to the extent alleged; the claimant has the residual functional capacity for light work; and, under the Medical-Vocational Guidelines (grids), the claimant is not disabled. Tr. 14-17.

2. On the date of the ALJ's decision, Plaintiff was 40 years old. He completed the eleventh grade in school. Tr. 96. He has past relevant work as an electronics assembler, tool grinder, car detailer and restaurant busboy and dishwasher. Tr. 19, 151. Plaintiff has alleged a disability commencing on July 1, 1989 due to neck fusion, collapse of his lungs, lung surgery, an ulcer and hernia. Tr. 96, 112. Plaintiff remained insured for disability insurance benefits through December 31, 1994. The record indicates that Plaintiff sustained a work injury in April of 1988 when he lifted some steel cabinets. Tr. 151, 180.

3. The ALJ entered his decision on October 15, 1998. Thereafter, the Plaintiff filed a request for review. Tr. 8. On October 6, 2000, the Appeals Council issued its decision denying Plaintiff's request for review and upholding the final decision of the ALJ. Tr. 5. The Plaintiff subsequently filed his complaint for court review of the ALJ's decision on December 7, 2001.

## II. STANDARD OF REVIEW

4. The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. See Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support a conclusion." Andrade v. Secretary of Health and Human Svcs., 985 F.2d 1045, 1047 (10th Cir. 1993)(quoting Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983)(citation omitted)). A decision of an ALJ is not supported by substantial evidence if other evidence on the record overwhelms the evidence supporting the decision. See Gossett v. Bowen, 862 F.2d 802, 805 (10th Cir. 1988).

5. In order to qualify for disability insurance benefits, a clamant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. See 42 U.S.C. Sec.423(d)(1)(A); see also Thompson, 987 F.2d at 1486. The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. Sec. 404.1520(a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. See Thompson, 987 F.2d at 1487.

6. At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments

3

severe enough to limit his ability to do basic work activities and his impairment meets or equals one of the presumptively disability impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. Id.

### III. DISCUSSION

7. Plaintiff's arguments, for the most part, concern the ALJ's findings regarding Plaintiff's alleged mental impairments. For the reasons stated below, the Court recommends that Plaintiff's Motion to Remand be granted.

8. Defendant argues correctly that Plaintiff has the burden to establish that he was disabled on or before the date he was last insured. 42 U.S.C. §§416(i)(3) and 423(c)(1). Plaintiff last met the insured status requirements for disability benefits on December 31, 1994. Tr. 11, 102.

9. The record shows the following: Plaintiff injured his neck at work in April of 1988 while lifting steel cabinets. He underwent surgery on April 26, 1989 for a C4-5 discectomy and anterior interbody fusion. Plaintiff continued until 1991 seeking treatment for pain in his neck. He was diagnosed with chronic pain syndrome. From a physical point of view, his physicians found he was capable of light work.

10. On March 23, 1989, Plaintiff underwent a preoperative Minnesota Multiphasic Personality Inventory (MMPI) at the Margaret Strong Pain Clinic. The results of the test demonstrated that Plaintiff's complaints were somatic. Tr. 181, 109. Further, the MMPI report

4

states that individuals with these scores are "unwilling to seek psychological counseling since they do not see their problem as psychological in nature." Tr. 310. In January of 1990, Plaintiff had a pain evaluation at St. Vincent's Hospital. Dr. Frederick Jacques diagnosed the Plaintiff with chronic pain syndrome with significant anxiety and depression overlay. Tr. 200. In February of 1990, Dr. Narayan, a surgeon, diagnosed the Plaintiff, with, *inter alia*, somatization disorder corroborated by MMPI and supported by history and physical examination. Tr 314. Later that year it is reported that Plaintiff was on antidepressant mediation and received psychological counseling. Tr. 191, 195. In June of 1992, Plaintiff went to St. Vincent Hospital's emergency room complaining of anxiety, hyperventilation, total body pain, weakness and chest pain. Tr. 184. He was diagnosed with chronic pain syndrome, possible depression and possible anxiety syndrome. Id.

11. Further, during this time, there are references in the record to a learning disability and low intellectual aptitude. Tr. 198 and 191.

12. After the administrative hearing, the ALJ arranged for psychiatric and psychological evaluations. Tr. 16. Dr. J. West performed the psychological evaluation on April 5, 1998. She administered the Wechsler Adult Intelligence Scale-Revised (WAIS-R) test. Plaintiff scored a verbal I.Q. score of 76, performance I.Q. score of 81 and Full Scale I.Q. score of 78. These scores place the Plaintiff within the borderline range of intelligence[2]. Dr. West concluded that Plaintiff had a "fairly severe learning disability" and would probably be "best diagnosed" with mood disorder due to chronic pain with depressive features and also sleep disturbance.

---

[2] Borderline intellectual functioning is associated with I.Q. scores in the 71-84 range. Diagnostic and Statistical Manual of Mental Disorders, 4th Ed., American Psychiatric Association, 2000, p. 740.

5

13. Dr. J.R. Evaldson performed a psychiatric evaluation of the Plaintiff on July 25, 1998. Tr. 250. He felt that the Plaintiff appeared to be perhaps slightly below average in intelligence. Tr. 252. He diagnosed the Plaintiff with major depression, severe and panic disorder with agoraphobia. Id. He assigned a Global Assessment of Functioning scale score of 45. Id.

14. In her analysis, the ALJ found that Plaintiff's depression and anxiety were not "severe" prior to the date of last insured status. The ALJ clearly erred in failing to obtain medical opinion concerning the onset date of Plaintiff's depression and anxiety. In the absence of a retrospective medical diagnosis or other "legitimate medical basis" for determining onset, the ALJ should call on the services of a medical advisor." SSR 83-20; *see also* Reid v. Chater, 71 F.3d 372 (10th Cir. 1995) and 20 C.F.R. § 404.1519a. Further, she found that there "is no documented evidence of a significant mental impairment until the very recent 1998 testing and evaluations performed by Drs. West and Evaldson." Tr. 17. As demonstrated above, this statement is not supported by the substantial evidence.

15. The ALJ failed to discuss or consider Plaintiff's somatoform disorder.[3] There was evidence prior to 1994 which would require the ALJ to address this mental impairment. The ALJ cannot ignore evidence. Gathright v. Shalala, 872 F. Supp. 893, 898 (1995) *citing* Cotter v. Harris, 642 F.2d 700, 704-05 (3rd Cir.), *rehr'g denied*, 650 F.2d 481 (3rd Cir. 1981)(citing 20 C.F.R. @ 404. 939). Such an omission requires a remand.

16. The ALJ dismissed the findings regarding Plaintiff's learning disability and borderline

---

[3]A somatoform disorder exists when there are "physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms." 20 C.F.R. pt. 404, subpt. P, app. 1 @ 12.07. Such a disorder may itself be disabling. Easter v. Bowen, 867 F.2d 1128, 1129 (8th Cir. 1989).

intelligence. She summarily concluded that Plaintiff "has functioned adequately well all of his life." Tr. 19. This finding is not supported by the substantial evidence. Plaintiff was found by Dr. Dawson to not be a good candidate for the GED. He had seventh or eighth grade level writing skills. Tr. 197. Further, the Tenth Circuit has followed <u>Cockerham v. Sullivan</u>, 895 F.2d 492, 496 (8th Cir. 1990), in three unpublished opinions. The Eighth Circuit in <u>Cockerham</u> states as follows: "[a] claimant whose alleged impairment is an I.Q. of 70-79 inclusive has alleged a severe impairment and may be considered disabled after consideration of vocational factors." <u>Id</u>.

  17. The ALJ erred in failing to consider or properly analyze Plaintiff's alleged mental impairments. On remand, at step two, the ALJ should consider all of Plaintiff's alleged mental impairments which are supported by the record. Further, the ALJ shall obtain the services of a medical advisor to determine the onset of Plaintiff's depression and anxiety. On remand, the ALJ will also need to reassess the credibility of Plaintiff's's testimony. <u>Luna v. Bowen</u>, 834 F.2d 161, 165-66 (10th Cir. 1987)(holding that one of the factors an ALJ should consider in evaluating allegations of pain is "the possibility that psychological disorders combine with physical problems"). The ALJ will need to evaluate whether Plaintiff's's mental impairments meet or equal a listed impairment, or whether the evidence supports the existence of a severe non exertional impairment that must be considered as affecting Plaintiff's residual functional capacity to perform work. See <u>Hargis v. Sullivan</u>, 945 F.2d 1482, 1591 (10th Cir. 1991). These findings may dictate the need for vocational expert testimony. <u>Cruse v. U.S. Dept.of Health & Human Services</u>, 49 F.3d 614, 619 (10th Cir. 1995) (requiring expert vocational testimony or other similar evidence" when mental impairments diminish a claimant's residual functional capacity).

## RECOMMENDED DISPOSITION

I recommend finding that the ALJ did not apply the correct legal standards and his decision is not supported by substantial evidence. The Plaintiff's Motion to Reverse and Remand Administrative Decision, filed June 14, 2001, should be GRANTED for proceedings consistent with this opinion.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102. A party must file any objections within the ten day period in order to preserve the right of appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**